IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GARY WARREN HANCOCK, JR., #419889   *
           Plaintiff,
v.                                   *    CIVIL ACTION NO. DKC-14-270

CHESAPEAKE DETENTION FACILITY    *
DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONAL SERVICES         *
BALTIMORE REGION, FINANCE OFFICE
           Defendants.     *
                                          *****

**MEMORANDUM OPINION**

Plaintiff is a federal detainee housed at the Chesapeake Detention Facility ("CDF") in Baltimore, Maryland, awaiting trial on counts of interference with commerce, use of a firearm, and felon in possession of a firearm. *See United States v. Hancock*, Criminal No. RWT- 13-274 (D. Md.). On January 28, 2014, the court received for filing this self-represented 42 U.S.C. § 1983 civil rights action. Plaintiff states that he arrived at CDF in November of 2013, and had a cashier's check mailed to him from his credit union on December 11, 2013. He complains that it took the Finance Office at CDF twenty-seven days or until January 8, 2014, to credit the funds to his account. (ECF No. 1). He further complains about the processing of another check mailed to him on December 31, 2013, and claims that it has yet to be credited to his account.

Plaintiff asserts that the long time in processing funds has caused him "mental anguish." He seemingly complains that the delays caused him to run out of hygiene items from the initial "state issued" toiletries he was provided and his indigent commissary requests were ignored, causing him to suffer mental anguish.[1]

---

[1] Plaintiff claims he was worried whether he would make it to the inmate commissary store as he had no soap, deodorant, or toothpaste for an unspecified period of time. (ECF No. 1).

Plaintiff additionally raises a dietary claim, asserting that the food at CDF is "the worst anywhere." He complains that turkey lunch meat is used in almost every dish and on November 29, 2013, he chipped a tooth on a small pebble that was in his potatoes. (ECF No. 1.) He seeks an injunction to compel the finance office to expedite the processing of inmate funds and punitive damages for his mental anguish and for the "rock" in his food. Because he appears indigent, Plaintiff's Motion for Leave to Proceed In Forma Pauperis shall be granted. His Complaint shall, however, be summarily dismissed.

Plaintiff names the CDF and Maryland Department of Public Safety and Correctional Services ("DPSCS") as Defendants. The CDF is a free-standing prison facility. A number of courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law and are not subject to suit under § 1983. *See Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301(E.D. N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Moreover, the DPSCS is a principal department of the Maryland State government. *See* Md. Code. Ann., Corr. Servs., Art., § 2-101. Neither a state nor an agency of a state is a "person" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-65 & 70-71 (1989). Moreover, state agencies are immune from liability under the Eleventh Amendment from a § 1983 suit in federal court without regard to the nature of the relief sought. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-01 (1984); *C.H. v. Oliva*, 226 F.3d 198, 201 (3rd Cir. 2000).

To the extent that Plaintiff is claiming that the delays in the processing of his checks have caused him mental anguish, no constitutional claim has been stated. Under the Prison Litigation

Reform Act (42 U.S.C. §1997e(e)), a physical injury requirement is coextensive with the physical injury test. *See Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997); *see also Jones v. Price*, 696 F. Supp.2d 618, 624 (N.D. W. Va. 2010) (no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury). It is the nature of the relief sought, however, and not the underlying substantive violation that controls this limitation on recovery in § 1997e(e).

Plaintiff's complaint about the food services at CDF fares no better. While Plaintiff complains that the food at CDF has no variety and is "disgusting," detainees cannot expect the amenities, conveniences and services of a good hotel or five-star restaurant. *See Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988). As a pre-trial detainee, Plaintiff has no due process right to be served food according to taste preferences. Further, as Plaintiff has not indicated that his food is not nutritionally adequate, he has not alleged a deprivation of constitutional proportions. *See Wishon v. Gammon,* 978 F.2d 446, 449 (8th Cir. 1992) (dismissing plaintiff's claim when he "presented no evidence that the food he was served was nutritionally inadequate or prepared in a manner presenting an immediate danger to his health, or that his health suffered as a result of the food.").[2]

Because Plaintiff's civil rights case fails to state a claim, his case shall be dismissed pursuant to 28 U.S.C. § 1915(e).[3] He is hereby notified that he may be barred from filing future suits in forma

---

[2] Plaintiff has not alleged that the meals have caused him to suffer from a health condition, other than a chipped tooth from a "pebble in his potatoes." An isolated incident of a foreign object in a prisoner's food does not state a constitutional claim. *See e.g. Wishon*, 978 F.3d at 449; *Lunsford v. Reynolds,* 376 F.Supp. 526, 527 (W.D. Va. 1974).

[3] 28 U.S.C. § 1915(e)(2) states that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

    (A)    the allegation of poverty is untrue; or
    (B)    the action or appeal--

pauperis if he continues to file federal civil rights actions that are subject to dismissal under § 1915(e) or Rule 12(b)(6).[4] This constitutes the first § 1915(e) strike to be assessed against Plaintiff. A separate order follows.

Date: February 7, 2014.                              /s/
                                            DEBORAH K. CHASANOW
                                            United States District Judge

---

      (i)  is frivolous or malicious;
      (ii)  fails to state a claim on which relief may be granted; or
      (iii) seeks monetary relief against a defendant who is immune from such relief.

[4]    28 U.S.C. § 1915(g) states as follows:

    In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions in forma pauperis, absent extraordinary circumstances.